Benjamin Setzer v. James G. Tyre.

171 So. 224.
Opinion Filed November 13, 1936.
Rehearing Denied December 16, 1936.

*Baker & Baker* and *Martin Sack,* for Plaintiff in Error; *Evan Evans,* for Defendant in Error.

Davis, J.—James G. Tyre, plaintiff, recovered judgment for $1,000.00 in the lower court against Benjamin Setzer

for unlawful assault and battery and false arrest. From that judgment Benjamin Setzer took writ of error.

Plaintiff went into defendant's self-service store to do some shopping. After selecting his articles, he advanced to the cashier's desk, paid for the articles, and made his exit, carrying the groceries in two packages. When plaintiff had proceeded about eight feet beyond the entrance to defendant's store, Musseau, the manager of the store, seized plaintiff and claimed that certain articles he had taken from the store had not been paid for. Plaintiff broke loose from his grip and ran farther down the street. Musseau pursued plaintiff and struck him several blows about the head.

There was conflicting testimony as to whether plaintiff laid down his groceries and struck an offensive blow or whether he was merely defending himself and dropped his groceries after being set upon by Musseau, who was several pounds heavier. The fact is established, however, that plaintiff's groceries were scattered all over the street when the altercation took place.

Musseau claimed that plaintiff took a bar of soap and box of matches without paying for them, and that after he pursued plaintiff to the sidewalk, plaintiff paid for the bar of soap, but denied taking the matches, which he found in plaintiff's pocket. Plaintiff claimed that he paid for the articles in question before he left the store at the same time he paid for the other articles, and that Musseau took them out of his packages.

There was conflicting testimony as to whether plaintiff, when beaten by Musseau, bled and had to have some sort of medical attention in the nature of first aid. There was also conflicting testimony as to whether plaintiff was under the influence of strong drink on that occasion.

Musseau turned plaintiff over to a policeman, together with the soap and matches, and had plaintiff lodged in the city jail, where he remained for a period of about forty minutes. The charge booked against him was suspicion of shoplifting. After the fact was brought to the attention of Mr. Setzer, he ordered plaintiff released, but still retained Musseau as an employee.

The allegations of the declaration upon which the trial was had are sufficient as a pleading of plaintiff's claim for punitive or exemplary damages. See Winn & Lovett Grocery Co. v. Archer, decided at the present term. There is contained therein an allegation that the assault and battery of plaintiff sued for was not only done unlawfully, but that it was done willfully and maliciously as well, for the ulterior purpose of compelling plaintiff to surrender certain articles of merchandise in plaintiff's possession which defendant's servant in charge of his store claimed the plaintiff had stolen, which charge plaintiff avers was untrue.

The sort of wanton conduct evidenced by the assault and battery complained of as disclosed by the evidence was altogether beyond any apparently reasonable necessities of the occasion, and was wholly an excessive and reckless disregard of plaintiff's rights and feelings in the premises. Therefore it was proper for the court to submit to the jury the question of allowing plaintiff to recover punitive or exemplary damages at the trial, in addition to compensatory damages for the wrong sued for. It is apparent, however, that the jury awarded little if any damages on that score in view of the elements of direct and indirect pecuniary loss, mental suffering, value of time, actual expense and bodily pain and suffering, including humiliation and public degradation, for which plaintiff was entitled to have compensation, irrespective of the malice or wantonness of the

wrongdoer causing such injuries. See: Smith v. Bagwell, 19 Fla. 117, 45 Am. Rep. 12; Winn & Lovett Grocery Co. v. Archer, *supra.*

If the court's charge given to the jury on the subject of awarding plaintiff exemplary or punitive damages should have been further elaborated to inform the jury of the considerations to be observed by them in making such allowance, as contended for by plaintiff in error, some special charge supplying the additional instructions should have been requested by plaintiff in error at the time. This was not done. Therefore since the charge as actually given was in harmony with the law, the judge's mere failure to elaborate thereon was not error in the absence of a request therefor.

The judgment is affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.