GERTRUDE McLAIN, a minor, joined by her next friend and father, ORLANDO McLAIN, v. PENSACOLA COACH CORPORATION, a corporation.

13 So. (2nd) 221 January Term, 1943
May 4, 1943 . Division B

*Merritt & Brown & Newberry,* for appellant.
*Watson & Pasco & Brown,* for appellee.

BROWN, J.:

In this case the appellant, plaintiff in the court below, brought suit against the defendant to recover damages for an assault and battery alleged to have been committed by the defendant's servant who was engaged in operating one of defendant's buses in Escambia County, Florida. The allegations of the first and second counts are quite similar. However, the first count was evidently relied on by the plaintiff as laying the ground for the recovery of exemplary or punitive damages. The count alleged, *inter alia* that the defendant's servant maliciously and violently struck plaintiff across the face, causing certain described injuries. The second count omitted the word "maliciously." Each count claimed damages in the sum of $1500.00. '

After the evidence was all in, the trial judge instructed the jury that the evidence in the case did not show that the act alleged was maliciously and violently done as set forth in the first count, and withdrew that count from the consideration of the declaration and submitted the case to the jury upon the second count, telling them that under such second count the jury would not be justified in rendering a verdict for punitive damages. It does not appear that there was any error on the part of the court in charging the jury as to the

elements of actual damages which were recoverable under said second count. Viewing this case from the standpoint of the trial judge, as one in which the plaintiff was only entitled to recover actual damages for the assault and battery alleged in the declaration, the Court's charge appears to be clear, comprehensive and correct. The jury returned a verdict in favor of the defendant, thereby holding that on the evidence the plaintiff had not made out a case even for actual damages. The motion for new trial was based among other things upon the action of the court in withdrawing from the consideration of the jury the first count of the declaration, and in charging the jury that they could not find exemplary or punitive damages for the plaintiff.

Our view of this case is that the allegations of both counts, if proved by a preponderance of the evidence, were sufficient to authorize a verdict for exemplary as well as compensatory damages. See Smith v. Bagwell, 19 Fla. 117, 45 Am. Rep. 12; Winn and Lovett Grocery Company v. Archer, 171 So. 214, 126 Fla. 308; Serzer v. Tyre, 126 Fla. 139, 171 So. 224; Kress and Company v. Powell, 132 Fla. 471, 180 So. 757.

The question arises whether or not the error of the court in withdrawing from the consideration of the jury the question of exemplary damages was harmless error in view of the jury's verdict. The Court had charged the jury that if the plaintiff proved the allegations of the second count of her declaration by a preponderance of the evidence, she was entitled to recover actual or compensatory damages, the elements of which were correctly defined by the court. The evidence was in sharp conflict. The testimony of the several witnesses introduced by the plaintiff was sufficient, if believed by the jury, to make out a case, not only for compensatory damages, but also for exemplary damages. On the other hand the testimony of the several witnesses introduced by the defendant, if believed by the jury, was sufficient to sustain and uphold the jury's verdict in favor of the defendant. So, we might with confidence say that the jury's verdict has established the fact that the plaintiff was not entitled to recover actual or compensatory damages.

In 4 Am. Jur. 219, it is said:

"The general rule that exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown finds application in cases of assault and battery."

In the notes to that paragraph, the following citations are given: 8 R.C.L., 593; Hoagland v. Forest Park Highlands Amusement, 170 Mo. 335, 70 S. W. 878, and annotation in 16 A.L.R. 788 et seq. This annotation is made following the report of the case of Bannister v. Mitchell, 127 Va. 578, 104 S. E. 800, 16 A.L.R. 768. The annotation begins at page 771 but the point with which we are concerned here is annotatea on pages 788 to 792. It shows that there is some conflict in the authorities but the weight of authority seems to uphold the general rule that exemplary or punitive damages are not recoverable in an action unless actual damages are shown, and that this rule is applicable in cases of assault and battery.

Thus in 8 R.C.L., Section 137, page 593, the section begins with this language:

"As a general rule exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown, although it is not always essential that such actual damages be susceptible of exact calculation. A reason for this general rule is that such damages are mere incidents to the cause of action. In a number of jurisdictions, however, a contrary rule prevails. Where the general rule obtains, exemplary damages will not be allowed if the allegations as to actual damages are too uncertain and inadequate to admit of proof."

Our view is that the error of the court in excluding from the consideration of the jury the first count and the question of exemplary damages is rendered harmless by the verdict finding that no cause of action existed for compensatory or actual damages. Under the issues joined in this case, in returning such a verdict for the defendant the jury must have found that the plaintiff was the aggressor and assaulted the defendant before he resorted to the use of any force, or that any injury or assault which might have been inflicted upon the plaintiff by the defendant in striking or slapping defendant was reasonably justified or necessary in repelling an

unlawful assault made by the plaintiff upon the defendant, and that therefore the plaintiff was not entitled to recover even actual damages. So under the facts of this case and the verdict of the jury, the above quoted general rule is applicable, and we do not see how any action could exist for punitive damages where the right of action as to actual damages was found never to have existed. In this connection see Stockwell v. Brinton, 26 N. D. 1, 142 N. W. 242, and other cases cited in the annotation above referred to.

No reversible error appearing the judgment of the Court below is affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.