PER CURIAM.
By this appeal from a judgment entered on a verdict for plaintiff in the Circuit Court in Dade County, the defendant seeks to reverse a $4,000 punitive damage award which was included in the verdict.
The action was brought by the appellee, Harry Sinnamon, as administrator of the estate of Charles Andrew Doty, deceased, seeking compensatory damages for diminution in size of the decedent’s estate and for funeral expenses under the Wrongful Death Act, Section 768.01 and Section 768.02, Fla.Stat., F.S.A., and seeking compensatory damages for pain and suffering and medical expenses, and punitive damages, under the Survival of Action Statute, Section 45.11, Fla.Stat., F.S.A.
On Christmas Eve, 1955, shortly after dark, the appellant, Maynard Grady Fowl-kes, Jr., caused a collision in which his automobile ran into the rear of a taxi cab. Charles Andrew Doty, the driver of the cab, was killed. The evidence indicated he remained alive only a few minutes, and that he did not regain consciousness before he died.
The jury was not required to decide the question of liability. The trial judge determined that liability was established on the evidence, and his charge to the jury so informed them.[1]
The effect of that was to direct a verdict for the plaintiff on both causes of action, and we see no reason to disturb that ruling by the trial court.
When the proofs were in, the charges given show that the court properly construed the record as furnishing a basis for compensatory damages to be awarded under the Wrongful Death Act. Punitive damages were not allowable on that cause of action, nor were they sought. Florida East Coast Ry. Co. v. McRoberts, 111 Fla.278, 149 So. 631, 94 A.L.R. 376.
On the cause of action under the Survival Statute there was no proof of pain *628 and suffering (as the decedent did not regain consciousness before death), and no evidence was offered of losses in the nature of medical expenses. The trial judge duly-recognized that the plaintiff had not established loss or injury for which any substantial compensatory damages could be recovered under the Survival Statute, and the jury was so charged.[2]
Thus, the case went to the jury on charges which amounted to a directed verdict in favor of the plaintiff on the issue of liability. The charges left the jury to determine the amount of compensatory damages to be awarded to the plaintiff administrator on the cause of action under the Wrongful Death Act, and permitted them to allow punitive damages on the cause of action under the Survival Statute; it being suggested to the jury that the verdict could deal separately with such allowances. The verdict which resulted was as follows:
“We, the jury, find for the plaintiff, Harry Sinnamon, as Administrator of the Estate of Charles Andrew Doty, deceased, and against the defendant, Maynard Grady Fowlkes, Jr.; and we assess the compensatory damages recoverable by the plaintiff administrator from the defendant at and in the sum of $1,400.00, and the punitive damages recoverable at and in the sum of $4,-000.00. So say we all.”
The propriety of allowing punitive damages on the evidence and the law was questioned by the defendant on motion for directed verdict and on motion for new trial.
Assuming, but not deciding, that punitive as well as compensatory damages are available under the Survival Statute, the trial court was in error in authorizing the verdict for punitive damages.
In McLain v. Pensacola Coach Corporation, 1943, 152 Fla. 876, 13 So.2d 221, the Supreme Court of Florida indicated approval of the rule that some substantial actual or compensatory damages must be shown as a predicate for allowance of punitive damages. The Court in that case did not expressly adopt the rule, and the facts of that case were such that there was no need to resort to such rule, because the verdict was against the plaintiff on liability. Obviously, a plaintiff who suffers an adverse verdict on the issue of liability has no basis to receive any damages, compensatory or punitive. However, in the McLain case the Supreme Court recited the rule in question, and since the Court had not previously had occasion to decide the point, its indicated sanction and application of the rule in that case prompts us to apply it here.
Therefore, the judgment is affirmed as to the compensatory damages under the Wrongful Death Act, which the verdict fixed at $1,400, but reversed as to the allowance of punitive damages under the Survival Statute, which the verdict fixed at $4,000, and the cause is remanded with directions to amend the judgment accordingly.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. “Gentlemen of the jury, the evidence in this case makes it obvious that the negligence of the defendant, Maynard Grady Fowlkes, Jr., was the proximate cause of the accident which gave rise to this litigation, and of the fatal injuries sustained by the decedent, Charles Andrew Doty, in the accident.”

. “There is, however, no evidentiary basis for the recovery by the plaintiff administrator of any compensatory damages under such Section 4S.11. * * * Now, the plaintiff has failed to prove by a preponderance of evidence that the deceased experienced any pain or suffering, because the evidence tends to show that the deceased was unconscious from the moment of the impact, and that therefore he did not experience any pain or suffering.”