## CONNOLLY v. PALM AIRE COUNTRY CLUB, Inc.
### No. L-65-261.

Circuit Court, Broward County.
May 13, 1965.

---

Richard R. Kirsch of Kirsch & Spellacy, Fort Lauderdale, for plaintiff.

George B. Pomeroy, Fort Lauderdale, for defendant.

JOSE A. GONZALEZ, Jr., Circuit Judge.

This cause came on to be heard upon the defendant's motion to strike and/or dismiss complaint, and defendant's motion to produce.

This is an action brought by the widow of William Connolly, deceased, for wrongful death pursuant to chapter 768, Florida Statutes, and by said widow as executrix of her late husband's estate under section 45.11, Florida Statutes, hence both the Wrongful Death Act and the Survical Statute are here involved.

Defendant moves to strike portions of plaintiffs' complaint and particularly the words, ". . . and punitive damages in the sum of One Hundred Thousand Dollars ($100,000.00) . . ." as contained in the prayer of count IV on the theory that plaintiff-executrix is limited as a matter of law to the recovery of only compensatory damages in a survival action. In support thereof defendant cites Waller v. First Savings & Trust Co. (1931) Fla., 138 So. 780; and Ake v. Birnbaum (1945) Fla., 25 So. 2d 213.

The question presented to this court for decision is—

Are punitive damages recoverable under section 45.11, Florida Statutes, by the personal representative of decedent's estate for an intentional tort committed by defendant against decedent which resulted in decedent's death?

This appears to be a question of first impression in Florida and the closest judicial pronouncement on the subject is Fowlkes v. Sinnamon (1957) Fla., 97 So. 2d 626, where the question was raised but not decided.

The law is clear that under the Survival Statute the damages recoverable by the personal representative are those which might have been recovered by the injured person *had he lived.* 9 Fla. Jur. Damages, S58; Epps v. Railway Express Agency (1949) Fla., 40 So. 2d 131.

The law is equally clear that punitive damages can be recovered in appropriate cases when the act complained of was committed with malice, wantonness, willfulness, etc. 9 Fla. Jur. Damages, §114 et seq.

Plaintiff's complaint contains allegations of those very acts on the part of defendant's employee, and further alleges a cause of action for assault and battery.

It should be noted that the cases cited by defendant arose prior to the amendment of §45.11, Florida Statutes, and at a time when all actions for personal injuries and specifically assault and battery, died with the person. The contrary is now true and surely the legislative intent was to permit the personal representative to "stand in the shoes" of the decedent and recover all of the damages which the deceased might have recovered had he lived.

Needless to say, punitive damages are not recoverable unless compensatory damages are first recoverable. Fowlkes v. Sinnamon, supra, and cases cited therein. This is a question for a jury at trial upon proper instructions.

To say, however, that punitive damages are not recoverable *as a matter of law* in a survival action brought for the commission of a willful, malicious and intentional tort which results in the death of plaintiff's decedent would be contrary to the very purpose for which punitive damages are awarded; namely, as a punishment to the defendant and as a warning and example to deter him and others from committing similar offenses in the future. 9 Fla. Jur. Damages, S115.

What defendant suggests is that under the law of this state a tortfeasor may be liable for punitive damages for a willful and intentional tort provided his victim does not die. If, however, the tortfeasor's misconduct is so great that it results in the victim's death, then the tortfeasor need not fear the consequences of a civil action for punitive damages.

In other words, if the injury is intentional but slight, punitive damages are recoverable; however, if the injury is intentional but mortal, then they are not.

Clearly this is contrary to reason, logic and public policy. It would place a premium upon killing a man as opposed to simply wounding him.

Such a proposition cannot be maintained.

The foregoing considered, the court finds as follows—

(1) That plaintiffs' complaint states a cause of action.

(2) That punitive damages are recoverable by a personal representative under section 45.11, Florida Statutes, but are not recoverable under sections 768.01 and 768.02, Florida Statutes.

(3) That punitive damages are recoverable only if compensatory damages are recoverable as a predicate therefor.

(4) That count IV alleges that plaintiff's decedent did not die instantly and hence states a premise upon which a jury could find upon proper proof that compensatory damages were recoverable under the Survival Statute.

(5) That the word "feloniously" as contained in plaintiff's complaint is immaterial.

Accordingly, it is ordered and adjudged as follows — (1) That defendant's motion to strike and/or dismiss be and the same is denied except that the word "feloniously" is stricken from plaintiff's

complaint, (2) That defendant's motion to produce be and the same is hereby granted, and (3) That defendant shall have twenty days within which to further plead.