RAWLS, Judge
(dissenting).
After Counts I and III were dismissed and amendment was allowed, the complaint alleged in one count the following — summarized here to conserve space: The defendants operate a motor vehicle on the State Road 464 so negligently as to cause it to collide with the minor plaintiff; as a proximate result of such negligence the minor plaintiff suffered serious injuries including, among others, amputation of left leg and left arm; that such negligence was of a nature and degree as to constitute willful, wanton and reckless disregard of human life in that the operator while under the influence of alcohol drove the vehicle on a narrow hilly roadway on a dark night at approximately 90 miles per hour with the left headlight not burning, left his proper lane of traffic, and crossed into the left lane occupied by the minor plaintiff; that the parties have concluded the issue of compensatory or actual damages; that though the injuries exist and were actually sustained by him, no award should be made for same; and the only issue now for determination is the question of legal responsibility for and amount of punitive damages, if any.
This complaint adequately alleges compensatory damages and all other elements of a cause of action for negligence.
It is noted that the question of liability for the accident was not settled by the stipulation wherein the defendants expressly denied same. A literal reading indicates that the only thing settled was the claim for compensatory damages, and the parties specifically stated that they “recognize that there is pending an additional claim * * for punitive damages arising out of the same accident.”
Punitive damages have been defined as an “enhancement of compensatory damages because of the wanton, reckless, malicious, or oppressive character of the acts complained of.” 22 Am.Jur.2d, Damages § 236.
Generally, there is no cause of action for punitive damages alone. That is, the sufficiency of the allegations and proof of the cause of action is to be determined independently of complainant’s claim for punitive damages. More correctly stated the rule is, the complainant must establish his cause of action as a prerequisite to such award. In negligence cases proof of a personal injury or loss of property (compensatory damages) is an element of the cause of action, and all elements of the cause of action must be proved to sustain an award of exemplary or punitive damages. 22 Am.Jur.2d, Damages § 241. Thus, when *738 a negligence action claiming both compensatory and punitive damages is submitted to the jury which finds for the plaintiff, awards punitive damages, but refused to award compensatory damages, courts in some jurisdictions set aside the verdict because actual damages are an element of the cause of action. For this reason some courts have held that there must actually be a finding and an award of actual damages before recovery of punitive damages is justified. 17 A.L.R.2d 535. However, the general rule adopted by Florida in McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943), states only that actual damages must be “shown” or “proved.” It does not specifically require an actual award by the jury for compensatory damages as a prerequisite to an award for punitive damages.
Here the complaint adequately stated a complete cause of action. In the stipulation plaintiff specifically preserved his right to try the issue of punitive damages before a jury. I am of the opinion that if the plaintiffs adequately prove their case and if the jury should find that defendants’ negligence was the proximate cause of actual and compensatory injuries to the plaintiff, it may then decide the issue of punitive damages.
The conclusion of the majority is illogical and impractical in that justice is better served in those areas where parties can reach an agreement or settlement. It is an elemental principle of law that courts will encourage settlements of any and all issues which the parties may amicably resolve. The conclusion adopted by the majority controverts this principle and encourages litigation of issues upon which the parties may not be in disagreemént.
I am in accord with the majority’s opinion that astute counsel prepared the stipulation, and the product speaks for itself. The parties expressly recognized their inability to resolve the questions of liability and punitive damages, and they reduced this recognition to writing. I am further of the opinion that the plaintiffs, having adequately pleaded a cause of action, have a right to try those issues not resolved.
This cause of action was not split in the literal meaning of the term. The settlement of one element of damage and litigation upon other elements has never been classified as splitting a cause of action.
For the foregoing reasons, I dissent.