291 So.2d 670 (1974)
AIR LINE EMPLOYEES ASSOCIATION INTERNATIONAL (A.L.P.A./A.F.L.-C.I.O.), Appellant,
v.
Evelyn W. TURNER, Appellee.
No. 73-662.
District Court of Appeal of Florida, Third District.
March 5, 1974.
Rehearing Denied March 25, 1974.
*671 Wyatt Johnson, Coral Gables, for appellant.
Horton & Perse, Lubow & Gary, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
The appellee filed an action against the appellant for damages for slander. It was alleged that during a strike, the appellee, a member of the defendant union who was not in sympathy with the strike and had advocated a "return to work" program, was maliciously criticized by an officer of the union, in a public meeting or meetings of the members thereof, as being a scab and a fink; and that appellee had received an anonymous telephone call threatening her with physical violence. She sought compensatory and punitive damages for the embarrassment, inconvenience, anxiety and fear suffered as a result thereof. She prevailed at trial and the verdict in favor of the appellee was for $3,000 compensatory damages and $175,000 punitive damages. Judgment was entered thereon and the defendant appealed.
The appellant makes a strong argument that denunciation of the appellee by the union was justified and that the words or terms used in denouncing her at the union meeting were not libelous, because they were the terms of the trade by which a member acting as had the appellee is customarily designated. Based thereon, the appellant argues the court erred in denying its motion to dismiss the complaint and motion for directed verdict. On consideration thereof we hold the court did not err in those respects.
We have also considered, and find to be without merit, the appellant's argument that the charge to the jury with relation to malice was contradictory.
However, we find merit in the contention of the appellant that the award of punitive damages was excessive and beyond any reasonable relation to the compensatory damages awarded.
The question of whether punitive damages must bear some reasonable relation to the amount of the actual (compensatory) damages awarded does not appear to have been definitely determined in the law of Florida.
The point has been referred to in several federal court decisions involving cases originating in Florida. In Scalise v. National Utility Service, 5 Cir.1941, 120 F.2d 938, 941, the Court said: "In Florida as in the federal courts, the giving of punitive damages is not dependent upon, nor must it bear any relation to, the allowance of actual damages." Later, speaking through the same judge who authored the opinion in the Scalise case, that court applied the contrary rule to a case originating in Florida, saying: "* * * exemplary or punitive damages awarded must bear some, though not an exact relation to actual damages." That pronouncement was followed in a federal district court decision in Florida (Ging v. American Liberty Insurance Company, D.C., N.D.Fla. 1968, 293 F. Supp. 756, 760) where the court said: "Such awards [punitive damages] are not severable from the main action since they are predicated upon an award of actual damages, McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943), and must bear some relation to the actual damages. Crowell-Collier Publishing Co. v. Caldwell, 170 F.2d 941 (5 Cir.1948)." The district court decision in Ging was reversed on other grounds, 423 F.2d 115 (5th Cir.).
*672 The Florida decisions are not decisive on the point. They recognize that the object of exemplary or punitive damages, the allowance of which "depends on malice, moral turpitude, wantonness, or the outrageousness of the tort" are awarded as a "deterrent to others inclined to commit a like offense" (Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465, 467), and that "the amount of punitive damages to be awarded lies peculiarly within the discretion of the jury because an amount which would operate as a proper punishment to one man might be inadequate to that effect upon another by reason of their difference in pecuniary condition" (Spencer Ladd's, Inc. v. Lehman, Fla.App. 1964, 167 So.2d 731, 737, reversed in part on other grounds, Fla., 182 So.2d 402.)
In Hutchinson v. Lott, Fla.App. 1959, 110 So.2d 442, the First District Court of Appeal said: "While we do not follow the rule established in some jurisdictions to the effect that punitive damages must be `in proportion' to the compensatory damages, in McLain v. Pensacola Coach Corp., supra [13 So.2d 221] it was held that punitive damages are not recoverable unless actual damages are shown. The relation of punitive damages to actual damages cannot be reduced to a mathematical certainty and is dependent upon the facts of each case."
In Hutchinson, when it was said that punitive damages need not be "in proportion" to compensatory damages the district court did not go so far as to hold that punitive damages are not required to bear some reasonable relation to the compensatory damages, and we have been shown no decision of the Supreme Court of Florida expressly so holding.
In awarding punitive damages it is for the jury to fix the amount therefor which would accomplish the purposes of such a punitive award against a defendant of a shown financial status. However, the fact that it is within the jury's province to fix the award should not operate to authorize the allowance as punitive damages of a sum which does not bear some reasonable relation to the compensatory damages awarded, and which is excessively out of relation to the latter.
In the instant case, where the actual or compensatory damages awarded were $3,000, we view the punitive damage award of $175,000 to be substantially in excess of that which could bear reasonable relation to the actual damages, notwithstanding financial ability of the defendant. Accordingly, the judgment is affirmed, but we hereby modify the judgment by reducing the punitive damage award of $175,000 to the sum of $30,000.
It is so ordered.