### MEYER v. HAFT-GAINES CO.
No. 76-118.

Circuit Court, Broward County.

June 17, 1976.

Robert W. Crawford and E. B. Griffis, both of Fort Lauderdale, for the plaintiff.

Donald J. Kahn, Green & Kane, Miami Beach, for the defendant.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on for consideration on the defendant's motion to dismiss, and the court having considered the same, together with the arguments and authorities of counsel, and being otherwise duly advised in the premises, finds that the motion should be granted, with leave to amend. The plaintiff seeks compensatory and punitive damages because of the defendant's refusal to serve her in its dining room, which she alleges was open to the public. The reason for the refusal is not pleaded and the court cannot consider in ruling on the sufficiency of the complaint the reasons given by counsel during argument on the motion. Without more, it does not appear that the plaintiff has alleged an actionable wrong.

The plaintiff contends that her action lies, despite the fact that it appears founded only on mental distress, because it alleges an intentional rather than a negligent tort. More, however, is required. To be actionable the intentional conduct must be so outrageous as to be calculated or substantially certain to result in severe emotional distress in a person of ordinary sensibilities, determined on an objective basis. *Slocum v. Food Fair Stores of Florida, Inc.,* 100 So.2d 396 (Fla. 1958). It is true that mental and emotional tranquility are increasingly being recognized as interests deserving of legal protection. Magruder, *Mental Disturbance in Torts,* 49 Harv. L. Rev. 1033 (1936); Prosser, *Intentional Infliction of Mental Distress,* 37 Mich. L. Rev. 874 (1939). But there are no allegations here that suggest that the defendant's refusal was anything but respectful and decent, made without undue harassment or humiliation, and well within the bounds necessarily tolerated by society.

It should be noted that the defendant while operating a public food establishment is nonetheless a private enterprise, and that it has the right to refuse service to anyone who is objectionable or undesirable, so long as such refusal is not based on race, creed, color, or national origin. §509.092, Florida Statutes. Cf. 42 U.S.C. §§1981, et seq. There is nothing in the complaint that suggests that the refusal falls within the statutory exception.

The court has considered that the actions of the defendant otherwise lawful might fall within the ambit of the prima facie tort doctrine if solely and maliciously intended to harm the plaintiff, without excuse or justification. *Aikens v. Wisconsin*, 195 U.S. 194, 25 S. Ct. 3, 49 L. Ed. 154 (1904). Insufficient facts are alleged to bring the case within that doctrine.

As to the claim for punitive damages, the defendant contends and the court agrees that the unsupported allegations that the acts of the defendant were done wilfully, knowingly, maliciously, and in wanton disregard of the rights and feelings of the plaintiff are not sufficient. Such bare allegations cannot take the place of specific ultimate facts which show that the alleged acts were intended to have the serious effects claimed. In addition, the claim for punitive damages cannot stand if the claim for compensatory damages falls. *McLain v. Pensacola Coach Corp.*, 152 Fla. 876, 13 So.2d 221 (1943).

Accordingly, it is ordered and adjudged that the defendant's motion to dismiss is granted, and the plaintiff is granted leave to amend her complaint within fifteen days of the date hereof if she be so advised.