DOWNEY, Judge.
UPON SUPREME COURT MANDATE
Appellees sued appellants for compensatory and punitive damages for fraud and misrepresentation in the sale of two pieces of jewelry. The jury returned a verdict for appellees for $2,000 compensatory damages and $18,000 punitive damages.
On December 13, 1974, we published an opinion reversing the judgment appealed from and remanding the cause for a new trial on damages only, on the grounds that appellees had failed to show appellant’s net *1044 worth as a foundation for the allowance of punitive damages. See Ocean Mile Galleries, Inc. v. Huguenor, 305 So.2d 787 (Fla. 4 DCA 1975). We relied upon our decision in International U. of Op. Eng., Local No. 675 v. Lassitter, 295 So.2d 634 (Fla. 4 DCA 1974). The latter decision was subsequently-quashed by the Supreme Court of Florida insofar as it was inconsistent with Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). See Lassitter v. Walton, 314 So.2d 761 (Fla.1975).
Our decision in this case, published December 13, 1974, has now been quashed by the Supreme Court of Florida and the cause has been remanded to this court for further proceedings not inconsistent with the Supreme Court decision in Rinaldi v. Aaron, supra. See Huguenor v. Ocean Mile Galleries, Inc., 332 So.2d 328 (Fla.1976).
Adverting to the briefs filed herein, we find the sole remaining point requiring our consideration to be whether a verdict for punitive damages must bear some reasonable relation to the award of compensatory damages. If so, is an award of $18,000 punitive damages so excessive as to shock the judicial conscience where the compensatory award is $2,000?
The recent cases seem to hold that there must be a reasonable relation between an award of compensatory and punitive damages. Airline Employees Assn. International v. Turner, 291 So.2d 670 (3d DCA Fla.1974); Lan-Chile Airlines, Inc. v. Rodriguez, 296 So.2d 498 (3d DCA Fla.1974); Canty v. Wackenhut, 311 So.2d 808 (3d DCA Fla.1975).
Thus, in Airline Employees Assn. International v. Turner, supra, the jury awarded $3,000 compensatory and $175,000 punitive damages. The District Court of Appeal reversed the award of punitive damages as bearing no relationship to the actual damages and directed a remittitur of $145,000 of the punitive award, thereby approving a punitive damage award ten times the compensatory award.
The same percentage differential was approved in Lan-Chile Airlines, Inc. v. Rodriguez, supra, wherein the appellate court held that a punitive damage award of $110,-000 was so excessive as to shock the judicial conscience and bore no reasonable relationship to a compensatory damage award of $2,500. The appellate court directed a re-mittitur of $85,000 of the punitive damage award or a new trial.
In Canty v. Wackenhut Corporation, supra, the same court reversed the trial court for ordering a remittitur of $50,000 on the punitive damage award or a new trial on damages only, when the jury awarded $50,-000 compensatory damages and $180,000 punitive damages, the District Court of Appeal holding that the disparity between those awards was not so gross as to shock the judicial conscience.
Finally, after the quashal of our original opinion in Lassitter, supra, to the extent it was inconsistent with Rinaldi, supra, we published a new opinion based upon the grounds which were contained in the original opinion, but not quashed by the Supreme Court decision, in which we held that the punitive damage award of $2,010,000 did not bear a reasonable relation to the compensatory award of $240,000. See International U. of Op. Eng., Local No. 675 v. Lassitter, 325 So.2d 408 (Fla. 4 DCA Fla.1975). The Supreme Court quashed that decision without stating any reason or grounds therefor. See Lassitter v. International U. of Op. Eng., Fla., 349 So.2d 622, opinion filed July 21, 1976. Accordingly, we must assume the Supreme Court approved the disparity between said awards.
In the present case, the plaintiffs-appel-lees charged the defendants-appellants with fraud and deceit. The jury found the appellants guilty and we can not say with any degree of certitude that the punitive damage award, less than ten times the compensatory award, was an Abuse of the jury’s discretion; particularly in the light of Lan-Chile Airlines, supra, and Airline Employees Ass’n, supra.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
CROSS, J., and LEE, THOMAS E., Associate Judge, concur.