357 So.2d 747 (1978)
Stephen R. SONSON, Appellant,
v.
Robert L. NELSON, Samuel Martin Fishbein and Albert Barthelemy, Appellees. Robert L. Nelson, Samuel Martin Fishbein and Albert Barthelemy, Appellants,
v.
Stephen R. SONSON, Appellee.
Nos. 76-2330, 76-2368.
District Court of Appeal of Florida, Third District.
April 11, 1978.
Rehearing Denied May 12, 1978.
James F. Pollack, Goodwin, Ryskamp, Welcher & Carrier, Miami, for Stephen R. Sonson.
Horton, Perse & Ginsberg, Donald M. Coon, Miami, for Nelson, Fishbein and Barthelemy.
Before PEARSON, NATHAN and HUBBART, JJ.
PER CURIAM.
The defendant has appealed and the plaintiffs have cross-appealed from an order granting a new trial in an action by the plaintiffs, Robert L. Nelson, Samuel Martin Fishbein and Albert Barthelemy, for assault and false imprisonment. After a three day trial, four separate jury verdicts were rendered. One verdict exonerated the defendant's insurer. The other verdicts assessed no compensatory damages for any of the plaintiffs but did assess punitive damages as follows: for plaintiff Fishbein, $7,000; for plaintiff Barthelemy, $2,000; and for plaintiff Nelson, $3,000. The defendant moved for a new trial and for a directed verdict in his favor. The court determined that the verdicts were defective and granted a new trial on the following grounds:
"... the Court ... finds that the verdicts entered in the cases of Plaintiffs, Robert L. Nelson, Samuel Martin Fishbein and Albert Barthelemy against Defendant, Stephen R. Sonson, are defective verdicts and the jury having been discharged, it is therefore the order of this Court that a new trial in the aforesaid cases is hereby granted and ordered."
*748 The defendant's appeal urges that the trial court should have entered judgment for the defendant on the verdicts because a verdict awarding punitive damages without compensatory damages in an assault case is not proper. The plaintiffs urge that the trial court should have entered a judgment in their favor because it was proper for the jury to award punitive damages even though no compensatory damages were awarded.
The Supreme Court of Florida has recently held that a jury verdict awarding nominal damages will support an award of punitive damages. See Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976).
Turning first to the appeal of the defendant, we note that under the doctrine of invited error, the defendant may not move for a new trial and then assign as error the court's order granting a new trial. See Rubin v. Gordon, 165 So.2d 824 (Fla. 3d DCA 1964); and Seaboard Coast Line Railroad Co. v. Hendrickson, 212 So.2d 901 (Fla.2d DCA 1968).
The appeal of the plaintiffs is likewise without merit because the argument that the Lassitter decision allows no punitive damage judgment without at least nominal compensatory damages is supported by the Lassitter decision. In Lassitter, it was held as follows:
"The terms compensatory and actual damages have been used interchangeably by the courts in dealing with the problem at hand. This probably stems from the language in McLain v. Pensacola Corp., 152 Fla. 876, 13 So.2d 221 (1943), approving and applying the following quotation from 4 Am.Jur. 219:
"The general rule that exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown finds application in cases of assault and battery.' 13 So.2d at 222.
"The Court in McLain, supra, held that the failure to submit the issue of punitive damages to a jury was not ground for reversal where the jury found no liability on the underlying cause of action, because an action for punitive damages cannot be maintained independently of an action for compensatory damages. The term `unless actual damages are shown' was used in McLain as synonymous with `unless liability is shown on the underlying cause of action.' 13 So.2d at 222.
"In a suit for slander the First District Court held that `nominal' damages are `actual' damages for the purpose of supporting an award of punitive damages. Elyria-Lorain Broad. Co. v. National Com. Indus., Inc., 300 So.2d 716 (Fla.1st DCA 1974), cert. discharged; National Com. Indus., Inc. v. Elyria-Lorain Broad. Co., 337 So.2d 809 (Fla. 1976). Some jurisdictions hold to the contrary. 22 Am.Jur.2d Damages § 242 and cases collected thereunder.
"Nominal damages are awarded to vindicate an invasion of one's legal rights where, although no physical or financial injury has been inflicted, the underlying cause of action has been proved to the satisfaction of a jury. See, for example, Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211 (1928); Williams v. Atlantic Coast Line R.R. Co., 56 Fla. 735, 48 So. 209 (1908); Lampert v. Judge and Dolph Drug Co., 238 Mo. 409, 141 S.W. 1095 (1911). Accordingly, the establishment of liability for a breach of duty will support an otherwise valid punitive damage award even in the absence of financial loss for which compensatory damages would be appropriate."
The issue of nominal damages not having been submitted to the jury, the trial court properly granted a new trial.
We, therefore, conclude that neither the defendant nor the plaintiffs have shown reversible error and the order granting a new trial must be affirmed.
Affirmed.
NATHAN, J., concurs in the result only.