377 So.2d 773 (1979)
HAUSER MOTOR COMPANY, INC., Karl Hauser and Ron Rogers, Appellants,
v.
Kathleen A. BYRD, Appellee.
No. 78-1306.
District Court of Appeal of Florida, Fourth District.
December 5, 1979.
Rehearing Denied January 2, 1980.
Edna L. Caruso, West Palm Beach, and Magill, Sevier & Reid, P.A., Palm Beach, for appellants.
*774 William C. Sprott, Palm Beach, for appellee.
WARREN, LAMAR, Associate Judge.
Plaintiff, appellee, filed her complaint for damages in three counts against the defendant corporation, Hauser Motor Company, Inc., and against Karl Hauser, individually, the first count seeking damages for violation of Chapter 501, Part II, Florida Statutes (1975), known as the Florida Deceptive and Unfair Trade Practices Act.[1] Therein it was alleged that plaintiff had purchased a vehicle from defendants which had been represented to have been driven some 2,357 miles as a demonstrator and/or a little-used car when in fact the automobile had been driven in excess of 12,000 miles; it was also alleged that there were misrepresentations in regard to the condition of the vehicle, both mechanically and structurally. Count II sought damages for fraud and deceit for altering the odometer of the vehicle to reflect a lower mileage.
Defendants' answer was essentially a general denial and set forth the affirmative defense that the alleged odometer change was accomplished by the intentional acts of third parties.
The cause came on for trial. It was undisputed at trial that the vehicle was sold with an incorrect mileage reading. The jury was given three verdict forms, one in favor of both defendants, one in favor of plaintiff and against the corporation, and one in favor of plaintiff and against Karl Hauser. The jury returned a verdict solely in favor of plaintiff and against the corporation, Hauser Motor Company, Inc., assessing compensatory damages in the amount of no dollars and assessing punitive damages in the amount of $1,500.
Plaintiff filed a motion for new trial, and defendants filed a motion for judgment non obstante veredicto based upon the contention that the jury having determined that plaintiff had suffered no compensatory damages, plaintiff could recover no punitive damages. The trial court subsequently denied defendants' motion, but granted plaintiff's motion as to both defendants, finding that "[t]he verdict of the jury failing to award compensatory damages is clearly against the manifest weight of the evidence." It is from said order that the defendants appeal.
Defendants urge in their first point that the court erred in granting plaintiff's motion for new trial as to Hauser Motor Company in finding that the verdict was clearly against the manifest weight of the evidence, and in denying their motion for JNOV.
The finding of the court, defendants insist, is deficient pursuant to Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978), which holds that an order for new trial must give reasons which will support a conclusion that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record. The court in Wackenhut, finding that the trial court's order for new trial therein was deficient because it did not contain reference to the record in support of its conclusion (that remittitur of a punitive damage award was necessary to cure the excessiveness of the punitive damage verdict), nevertheless, made an independent review of the record in search of support of that conclusion. See Robinson v. Allstate Ins. Co., 367 So.2d 708 (Fla. 3d DCA 1979), wherein the court examined the record.
Later in its opinion, the court in Wackenhut said:
Since no basis appears in the record which would lead to the conclusion that the punitive damage award is excessive, the District Court was correct in reversing the trial court's order for new trial even though the District Court articulated an erroneous standard for review.
Accordingly, we reaffirm the Cloud [Cloud v. Fallis, 110 So.2d 669 (Fla. 1969)] rule as this Court has applied it in Laskey *775 [Laskey v. Smith, 239 So.2d 13 (Fla. 1970)] to orders for new trial which are entered as alternatives to remittiturs. Before such an alternative order may be entered either the record must affirmatively show the impropriety of the verdict or there must be an independent determination that the jury was influenced by considerations outside the record.
An additional problem here is the form of the verdict entered against the corporation; it was defective and improper. In Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA 1978), the trial court was affirmed where verdicts assessed no compensatory damages for any of the plaintiffs but did assess punitive damages. Upon defendant's motion for new trial the trial court had determined that the verdicts were defective and granted a new trial on that ground. In Flood v. Ware, 363 So.2d 1101 (Fla. 2d DCA 1978) where the jury awarded appellant punitive damages against an individual, and compensatory and punitive damages against a corporation, the court held on appeal from the judgment that the verdict against the individual could not stand, stating that
... [a] jury may not, as it did here, order a defendant to pay punitive damages if it does not find him liable for either compensatory or nominal damages. Sonson v. Nelson, [supra].
Further in Raffa v. Dania Bank, 372 So.2d 1173 (Fla. 4th DCA 1979), the jury found for the plaintiff but assessed no compensatory damages, although punitive damages were assessed. The defendant filed a motion for judgment in accordance with its prior motion for directed verdict and a separate motion for new trial based on an alleged impropriety in the verdict. The trial court granted the motion for judgment and entered a final judgment. No ruling was made on the motion for new trial in view of the granting of the motion for directed verdict. The opinion on appeal recognized that the law was "well settled that punitive damages require an underlying award of compensatory damages," citing McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943) and Sonson v. Nelson, supra, and observed that "[a]t trial neither plaintiff nor defendant asked to have this improper verdict corrected while the jury was still impaneled and might have done so." In holding that the directed verdict was erroneous because the jury found in favor of plaintiff on the issue of liability, which the evidence supported, the court vacated the judgment and directed the trial court to grant the motion for new trial filed by the defendant. See 9A Fla.Jur., Damages § 121.
In Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla. 1974), it was stated that
... [i]t is clearly the right and duty of the Court before discharging the jurors to call their attention to a defective verdict and give them an opportunity to return a proper verdict.
The record herein does not reflect that this was done. Considering the undisputed evidence of the incorrect mileage reading and the problems with the verdict forms, we believe that the trial court correctly granted the motion for new trial as to the corporation.
As to denying defendants' motion for judgment non obstante veredicto, from our examination of the record, we also believe the court was correct in denying defendants' motion. The jury found for the plaintiff and there was sufficient evidence in the record, if believed by the jury, to support its verdict.
Defendants' second point is that the trial court erred in granting a new trial as to Karl Hauser individually. No verdict was returned against this defendant and the law clearly appears to be that under the circumstances shown in the record he was thereby exonerated. Buffett v. Geldhauser, 155 So.2d 844 (Fla. 3d DCA 1963); Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908). There is no basis in the record for overturning that finding.
Accordingly, the order granting the motion for new trial is affirmed as to the defendant Hauser Motor Company, Inc., but *776 reversed as to the defendant Karl Hauser; and the order is affirmed as to the denial of defendants' motion for judgment non obstante veredicto.
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] The Court has been advised that appellant, Ron Rogers, was never served with process and the appellant, Hauser Dodge Leasing Corporation, Inc. was dropped as a party defendant at the commencement of trial.