COBB, Judge.
Petitioner Goldkamp challenges the trial court’s denial of a motion for summary judgment where the sole question the parties sought to have determined was whether defendant/counterclaimant Rose could maintain her claim for punitive damages in spite of the fact that counsel for the parties stipulated that neither party will be entitled to any compensatory damages under the threshold requirements of section 627.-737, Florida Statutes (1979). However, the Pre-Trial Order incorporates by reference defendant Rose’s Compliance With Order For Pre-Trial Conference, which in turn lists as special damages not only medical expenses but also property damage for loss of an auto. These property damages are clearly compensatory or actual damages which, if shown, may serve as the required basis for punitive damages. See McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943). Even though some of the claimant’s compensatory damages may be barred by the Florida Automobile Reparation Act’s threshold limitations on personal injury claims,[1] these threshold limits are not applicable to property damage claims. Faulkner v. Allstate Ins. Co., 367 So.2d 214 (Fla.1979); Kluger v. White, 281 So.2d 1 (Fla.1973).
We do not undertake to determine the effect of the stipulation by counsel in regard to presentation at trial of property damage nor foreclose any issue as to the counterclaimant’s possible waiver of a property damage claim. At this point, the property damage claim is still before the trial court. Until the trial court rules on the property damage issue, the case is not ripe for review. Finding no departure from the essential requirements of law, certiorari is hereby
DENIED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. See, § 627.737, Fla.Stat. (1979).