388 So.2d 235 (1980)
Thomas G. HAENDEL, Appellant,
v.
Vincent PATERNO and Paterno Marine Sales, Inc., a Florida Corporation, Appellees.
No. NN-444/T1-90.
District Court of Appeal of Florida, Fifth District.
August 13, 1980.
Rehearing Denied September 18, 1980.
*236 Burke D. Chester and Edgar M. Dunn, Jr., Daytona Beach, for appellant.
Arthur M. Ossinsky, Daytona Beach, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from an order of the Circuit Court for Volusia County providing for remittitur or a new trial.
This suit arose from an alleged breach of an oral contract and fraud in the sale of stock of a closely held corporation. The claim was tried before a jury which returned a verdict of $100,000.00 in compensatory damages and $75,000.00 in punitive damages.
Appellees, Vincent Paterno and Paterno Marine Sales, Inc., who were the defendants below, moved for a new trial and remittitur. The trial court directed that the verdict on punitive damages be set aside and remitted to zero and directed that the verdict as to compensatory damages be remitted to $20,000.00. The court further provided that if plaintiff failed to enter remittiturs, the motion for a new trial on all issues would then be granted.
Basically, the following questions are presented on appeal:
1. Was the order granting a new trial deficient as a matter of law?
2. Did the court err in granting remittitur or new trial on the issue of compensatory damages?
3. Did the court err in granting remittitur or new trial on the issue of punitive damages?
Appellant Thomas G. Haendel, the plaintiff below, was the manager of appellee Paterno Marine Sales, Inc., a corporation wholly owned by appellee Vincent Paterno. In December of 1977, Paterno approached Haendel and offered to sell him forty percent of Paterno Marine Sales, Inc. for $20,000.00. Haendel, as manager, was familiar with the financial history and condition of the corporation.
Haendel contended that Paterno promised that all debts of the corporation would be paid off except a Chemical Bank note of approximately $237,000.00 which would be handled so the corporation would not have to pay it. Paterno claimed that he promised only to see that Haendel's "share" of the corporation would not be responsible for the loans. Although Haendel paid the corporation the $20,000.00, he did not receive the stock. Shortly after payment, Paterno had the corporation pay him $20,000.00 as payment on a stockholder loan. In June 1978, Paterno fired Haendel. When Haendel asked about his stock, Paterno told him "chalk it up as a business loss."
A. The first question is whether the order granting a new trial was deficient as a matter of law. While a trial court has broad discretion to grant a new trial on proper grounds, Ortega v. Perrini & Sons, Inc., 371 So.2d 203 (Fla. 2d DCA 1979), it is the duty of the trial judge to grant a new trial when he concludes that the verdict is *237 against the manifest weight of the evidence or if he determines that the jury has been influenced by extraordinary considerations or misled by the force and credibility of the evidence. White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978). The supreme court stated in Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978):
Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla. 3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused. (Emphasis supplied.)
See also Rule 1.530(f), Florida Rules of Civil Procedure, which requires that an order granting a new trial state the specific reasons therefor.
In the case before us, the court made basic findings concerning the award of compensatory damages and punitive damages which met the requirements set forth in Wackenhut. The court order refers to two specific errors made by the court and cites support from the record. Therefore, the order providing for remittitur or a new trial was not deficient as a matter of law.
B. The second question which we consider concerns the jury's verdict as to compensatory damages.
Appellant Haendel contends that the jury verdict of $100,000.00 as compensatory damages was amply supported by the record. Haendel claims that Paterno's testimony or that of Gary Kiel, Haendel's "expert" witness, was sufficient to establish the "benefit of the bargain" to which he was entitled.
The "benefit of the bargain" theory on which Haendel elected to proceed was described in Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 723 (Fla. 3d DCA 1972):
In actions for breach of contract, the aim is not the mere restoration to a former position as in tort, but is the awarding of a sum which is equivalent to the performance of the bargain; the attempt is to place the plaintiff in the position he would be in if the contract had been fulfilled.
The record reflects that Paterno did not testify as to the market value of the corporate stock. When asked if he had an opinion as to the market value of the stock, he replied negatively. This is not surprising because the market value of a closely held corporation is often difficult to ascertain with accuracy.
The other witness on which Haendel relies was Mr. Kiel, who was initially qualified as an expert. When Haendel attempted to qualify Mr. Kiel, he testified that he was a realtor and appraiser, had a Bachelor of Science degree in business administration and had attended many real estate oriented courses. Paterno objected to his qualification as an expert in the valuation of closely held corporations. The court, on the basis of the testimony as to expertise, determined that Haendel had made a "prima facie case of expertise." Mr. Kiel admitted that he had never been previously hired for his ability to appraise the stock of a closely held corporation. He did not testify directly as to the market value of the corporate stock. He testified generally that the value of the stock would be increased by the amount of the reduction of outstanding debts. The trial judge, in the order granting a new trial, found that it was error to permit the jury to consider the "benefit of the bargain" theory of damages because there was no competent evidence on which the jury could determine such damages. The trial court concluded that Mr. Kiel was not qualified by training or expertise to value the stock, and therefore it was incorrect to permit the jury to receive his testimony. For such reasons, the court properly granted the new trial. Mr. Kiel's qualifications were impressive but they related to appraisal of real estate. Real estate was not an asset of the corporation. His knowledge *238 of real estate and his general business background were not sufficient to qualify him as an expert as to the market value of stock in closely held corporations. Even if the court had determined that Mr. Kiel was an expert in the field, his testimony to the general effect that paying debts of a corporation would increase the value of its stock to the extent the total debt was diminished was not a proper basis for the jury to arrive at its verdict of $100,000.00. Therefore, the court was correct in its decision to order remittitur.
C. The third question is whether there was sufficient evidence of fraud to justify the jury's verdict for punitive damages.
Appellant Haendel contends that the evidence adduced at trial was sufficient to support the jury award of $75,000.00 in punitive damages and therefore the trial court was in error in granting a new trial.
Punitive damages are generally not recoverable for breach of contract unless there are proper allegations and proof of intentional wrong, insult, abuse or gross negligence constituting an independent tort. Country Club of Miami Corp. v. McDaniel, 310 So.2d 437 (Fla. 3d DCA 1975). The act which constitutes the tort must have been willfully and wantonly committed or attended by fraud, malice or gross negligence. Charter Air Ctr., Inc. v. Miller, 348 So.2d 614 (Fla. 2d DCA 1977).
Haendel, alleging fraud in the inducement, contends that Paterno had no intention of performing the agreement as promised. Compensatory and punitive damages are recoverable for fraud in the inducement and an action may be based on oral and written representations in the form of contractual promises or statements of present intention. Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972).
Paterno, when testifying as an adverse witness, admitted that he had no intention of paying the corporate debts. It was also established that he had never delivered the stock, that he caused $20,000.00 to be paid to himself shortly after Haendel paid for the stock and within six months he fired Haendel. Apparently the jury chose to believe Haendel's version of the transaction and concluded that Paterno had no intention to pay the corporate debts at the time he approached Haendel and induced him to purchase the stock. Whether fraud exists in a particular case is a question of fact for the jury. Casey v. Welch, 50 So.2d 124 (Fla. 1951); Winter Park Telephone Co. v. Strong, 130 Fla. 755, 179 So. 289 (1937). Where there is substantial and conflicting evidence about any material question, the finding of the jury should not be disturbed. Florida Power & Light Co. v. Horn, 100 Fla. 1339, 131 So. 219 (1930).
Here, then, the amount of the award cannot be said to be an abuse of the jury's discretion because awards in a much higher ratio to compensatory damages have been sustained. Ocean Mile Galleries v. Huguenor, 351 So.2d 1043 (Fla. 4th DCA 1977); Air Line Employees Ass'n. Int'l v. Turner, 291 So.2d 670 (Fla. 3d DCA 1974).
There was competent evidence to support the finding of the jury in its award of punitive damages and therefore it was error to grant a new trial on that issue.
The order appealed is affirmed as to the remittitur or new trial on compensatory damages. The order is reversed as to punitive damages. Should appellant fail to enter remittitur as provided in the order as to compensatory damages, all issues including punitive damages shall be tried upon the new trial.[1]
DAUKSCH, C.J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge, dissenting:
I respectfully dissent.
I would affirm the trial court's order granting a new trial as to both compensatory and punitive damages.
NOTES
[1] This court held in American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980), that plaintiff must be entitled to recover compensatory damages for the underlying breach before punitive damages will lie.