PER CURIAM.
Mayor’s, a jewelry store, was burglarized after appellant’s security guard, who was assigned to watch the premises, left his post without permission in the early morning hours to spend time with his girlfriend. Appellant was hired specifically to protect against “smash-and-grab” burglaries, the same type of crime which caused the loss in this case. A jury found that Globe breached the contract and awarded compensatory damages of $45,188.21. There is no serious challenge to the breach of contract finding or to the award of actual damages, both of which were firmly established. The main issue raised by this appeal is whether an award of $135,000 in punitive damages is sustainable on the facts. We think not and reverse the punitive damages award.
Mayor’s alleged in its complaint that (1) Globe breached its contract to guard the premises continuously during the hours between 9:00 p.m. and 9:00 a.m. on the night of the burglary, and (2) Globe was “grossly negligent” in that it failed to have a guard present at the premises, failed to effect a method for monitoring its on-duty guard, and employed a guard who might not have been hired if a routine background investigation had been conducted.
By special interrogatory verdict the jury found:
I. VERDICT ON BREACH OF CONTRACT CLAIM
(_) A. We, the jury, find for Plaintiff, MAYOR’S JEWELERS, and assess its damages at $45,188.21.
II. VERDICT ON NEGLIGENCE CLAIM
(_) A. We, the jury, find for Defendant, GLOBE SECURITY SYSTEMS. (If you find for GLOBE SECURITY SYSTEMS on this claim, do not answer B, but date and sign this form and return it to the Clerk).
(_) B. We, the jury, find for Plaintiff, MAYOR’S JEWELERS, and assess punitive damages in the amount of $135,-000.00.
Dated this 4 day of October, 1983.
/s/ Leonard Morgen As Foreman/Forewoman
The jury awarded no additional compensatory damages to support the negligence-based punitive damages award.
The rule in this district is that where an award of compensatory damages is based on one cause of action, and an award of punitive damages is based on an entirely separate cause of action, the award of punitive damages will not stand unless the jury also makes an express finding of separate compensatory damages in support of the punitive damages claim, whether actual or nominal. See Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), appeal dismissed, 415 So.2d 1359 *830 (Fla.1982); Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla. 3d DCA 1979); Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla.), 364 So.2d 891 (Fla.1978). The rule derives from the general principle that “exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown....” Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 625 (Fla.1977) (citing McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221, 222 (1943)). Unless there is a separate finding of actual or nominal damages — an essential element of the tort — the tort is not established notwithstanding a finding of liability by the jury.[1] Because the jury made no finding that Mayor’s suffered compensatory or nominal damages beyond the damages attributable to the breach of contract, and the facts do not support such a conclusion, the award of punitive damages cannot stand.
The award of compensatory damages is AFFIRMED; the punitive damages award is REVERSED.

. As noted by Judge Daniel Pearson writing for the court in Guthartz v. Lewis, 408 So.2d 600, 602 n. 4 (Fla. 3d DCA 1981), aff'd, 428 So.2d 222 (Fla.1982), there is disagreement in the district courts as to whether Lassitter is a restatement of the general rule that actual or nominal damages are required, or whether it intended to relax the rule so as to permit recovery of punitive damages merely on a showing of liability without an award of nominal damages. Favoring the latter interpretation he suggests that a finding of liability is the functional equivalent of a finding of at least nominal damages. See Nales v. State Farm Mutual Automobile Insurance Co., 398 So.2d 455 (Fla. 2d DCA), rev. denied, 408 So.2d 1092 (Fla.1981); Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980). That view has not been adopted by this court.