SPECTOR, Judge.
This is an appeal from an order dismissing with prejudice plaintiffs’ complaint in a negligence action.
*734 The incident giving rise to this action involved a collision between the plaintiff, a minor who was operating a motorcycle, and a motor vehicle driven by the individual ap-pellee and owned by the corporate appellee. The former was alleged to be a servant, officer, or employee of the latter. The two vehicles collided resulting in very serious damage to the operator of the motorcycle, who sustained the loss of an arm and a leg in addition to other injuries. It was alleged in support of the prayer for ordinary damages that the defendant driver carelessly and negligently operated the motor vehicle. The count for punitive damages alleged that the defendant driver was, at the time of the accident, under the influence of alcohol or drugs and was driving on a narrow, hilly roadway on a dark night at ninety miles per hour with his left front headlight not burning or lit. Further, it was alleged that defendant driver operated his vehicle in such a wanton manner as to cause or allow it to cross over into the oncoming lane of traffic where it collided with the plaintiff’s motorcycle.
As initially framed, the complaint alleged that the defendants were guilty of ordinary negligence; and in another count, the complaint charged the defendants with willful and wanton negligence based upon which the plaintiff asked for punitive damages.
During the course of the proceeding below, the parties agreed to a settlement and compromise of the claim for ordinary or compensatory damages only. Said agreement was properly approved by the trial court and led to a stipulation by the parties acting through counsel to the dismissal with prejudice of the counts in the complaint setting forth a cause of action for compensatory damages. Thereafter, there remained in the complaint only the count alleging the willful and wanton conduct of the defendants and the prayer for punitive damages arising from such conduct.
The compromise and settlement agreement led to a stipulation reciting the conclusion of the claim for compensatory damages for $147,250 and incorporated in said stipulation was the following language:
“Further, that the Defendants, and each of them, expressly deny liability and all sums paid hereunder are being paid in compromise and settlement.
“The parties hereto and counsel recognize that there is pending an additional claim by the plaintiff * * * against Defendants * * * for punitive damages arising out of the said accident and it is the intent of all parties and counsel to exclude the claims for punitive damages from the settlement.
“Provided, that this stipulation shall in no way be construed to mean, that the Defendants, or either of them, admit that punitive damages exist and the Defendants expressly deny liability therefor.”
After the counts relating to compensatory damages were dismissed with prejudice pursuant to the stipulation, plaintiffs moved for and were granted leave to amend their sole remaining count for punitive damages by adding thereto a paragraph which recited the compromise and settlement of plaintiffs’ claims for compensatory damages for $147,-250 and that such damages having been compromised, the only issue remaining for determination in the case was the issue of legal responsibility for an amount of punitive or exemplary damages, if any. Attached as exhibits to the amendment were, copies of the stipulation regarding the settlement and the release entered into by the parties plaintiff. The amendment further alleged that the trier of fact should be instructed not to return a verdict for actual or compensatory damages although the same be manifested and shown by the evidence to be adduced.
With the pleadings thusly postured, the defendants moved for summary judgment and for judgment on the pleadings. The trial judge granted the motion to dismiss with prejudice. It is the correctness of that order which is being reviewed.
While the court below did not set forth the reasoning leading to the entry of the *735 order appealed, counsel’s briefs and arguments seem to agree that the dismissal was based on the elimination of compensatory damages from the suit by the compromise and settlement and that such elimination automatically terminated any right to proceed further for punitive damages arising out of the same cause of action.
We are of the view, and so hold, that the trial judge was correct in his order of dismissal. It has long been the law of this State that exemplary or punitive damages are not recoverable unless actual damages are shown. McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221; 9 Fla.Jur., Damages, Section 114, et seq. The substance of appellants’ contention is that while they concede the necessity for showing compensatory damages, such showing need not be manifested by a verdict or judgment in the same suit. We have examined the cases upon which appellants rely, but none of them involve a fact situation sufficiently similar to the case under consideration. In Sideris v. Warrington Motor Co., 181 So.2d 650 (Fla.App.1st 1966), there is language at page 654 which when taken out of context with the rest of the opinion might lead to the impression that this court has approved the practice of separate trials for compensatory and punitive damages without regard to whether there has been an award of compensatory damages as a predicate for an award of punitive damages.
In that case, Sideris sued Warrington and an employee, Henley, for both compensatory and punitive damages arising out of an automobile accident. At pretrial conference, Warrington admitted it was guilty of simple negligence and admitted liability therefor. Plaintiff’s compensatory damages were fixed at $538 by pretrial order. The trial court, having already entered a partial summary judgment on the punitive count in favor of the defendant Warrington only, further ordered that the cause proceed to trial on the issue of compensatory damages only against Warrington and as to compensatory damages and punitive damages as to the other defendant, Henley. Thereupon plaintiff moved for a severance order which was denied by an order requiring plaintiff “(a) to proceed to trial against both defendants upon the issue of compensatory damages alone, leaving the issue of punitive damages against defendant Henley for trial at a future date, or (b) to dismiss the cause with prejudice as to defendant Warrington.” Plaintiff declined to make such an election and suffered a dismissal order with prejudice as against Warrington. We affirmed with direction that the plaintiff be permitted to withdraw his election not to proceed at all in view of the fact that Warrington had admitted its liability for simple negligence and the compensatory damages following therefrom.
In the case at bar, appellant apparently finds solace for his position in that portion of the Sideris decision which provides for a subsequent trial against the defendant Henley for punitive damages. However, appellant erroneously presupposes that this language contemplated a future trial for punitives even if there were no award for compensatory damages. Such was not the case. To construe that opinion as having such effect would entail an unintended result inconsistent with the law of punitive damages in this State.
Appellants further rely on Doral Country Club, Inc. v. Lindgren Plumbing Co., 175 So.2d 570 (Fla.App.1965), as authority for the proposition that a separate trial may be had for punitive damages. Doral is clearly distinguishable from the instant case however since in that case there in fact had been a jury award of compensatory damages for the plaintiff coupled with a directed verdict for the defendant on the punitive damages. On appeal the reviewing court held that under the evidence submitted, it was error to direct the verdict for .punitive damages and remanded for a trial on that question alone by a jury. While it is true that this would constitute a trial of punitive damages only after the remand, appellant overlooks that the predicate for such a procedure had *736 been laid by virtue of the award for compensatory damages.
Appellant recognizes the general rule to be as pronounced in McLain v. Pensacola Coach Corp., supra, and taken from 4 Am. Jur. 219, as follows:
“The general rule (is) that exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown. * * * ”
None of the Florida cases to which counsel has called our attention permit a “showing” of compensatory damages which have been the subject of compromise and settlement to serve as the basis for a later trial of a claim for punitive damages alone. It is our understanding that punitive damages are not independent of compensatory damages and without a judicial award or judgment as to the latter, the former may not be found.
The next point urged by appellants for reversal is that the rule against “splitting of causes of action” does not apply in the instant case, and that therefore it was error not to permit the cause to proceed on the claim for punitive damages even though the compensatory damages had been compromised and settled. In support, appellant cites several cases, but examination of them shows the circumstances to be so different than those in the case at bar as to render the cited cases unpersuasive. The first of these is Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432, which held that where a husband had two separate causes of action; first, in his capacity as a husband for his damages growing out of the injuries to his wife which under Section 46.09, Florida Statutes, 1941, F.S.A., he could bring in the same suit as hers for her injuries; and, second, direct damages to himself for which he could not recover in the same suit as that brought under the said statute, the bringing of two separate actions did not violate the rule against splitting causes of action. The husband’s right to recover for his own injuries was obviously not dependent upon his right to recover for his damages arising out of injuries to his wife. Thus, the principle announced in Gaynon, at page 434, is that:
“ * * * The rule as to a single cause of action has no application where the injury is suffered in a different capacity or by different persons. * * * ” (Emphasis ours.)
In the case at bar however, the right to recover for punitive damages is directly dependent upon the right to recover for compensatory damages, a right which no longer existed after the compromise and settlement.
The second case relied on by appellants is Rosenthal v. Scott, 150 So.2d 433 (Fla.1963). That case involved the right of an injured to settle with his own carrier under a subrogation agreement for the property damage he sustained to his vehicle at the hands of a tortfeasor and to continue to prosecute his personal injuries claim against the tortfeasor after his carrier, in pursuance of its subrogation agreement, had settled an action brought by it independently against the tortfeasor. There it was held that settlement of the property damage claim by the carrier and prosecution of the personal injury claim by the injured did not constitute an impermissible “splitting of causes of action” by the injured party. The Rosen-thal case does not seem to be controlling in the case with which we are now confronted for the very obvious reason that Scott’s right to collect for personal injuries was in no way dependent upon an award of judgment for property damages. The two are not interdependent as is the case with compensatory and punitive damages. See also Nicholson v. American Fire and Casualty Insurance Co., 177 So.2d 52 (Fla.App.2d 1965), holding that the right to recover for property damage is not dependent upon the right to recover for personal injuries.
We have considered appellants’ last point based on the theory that defendant was estopped to move for dismissal of the remaining count for punitive damages because the plaintiffs had been lured into believing that the claim for punitives could be prosecuted notwithstanding the *737 compromise and settlement of compensatory damages. It is difficult for this court to conceive of plaintiffs having been “lured” into anything considering that they were represented by one of the most outstanding law firms in this State. Indeed, appellants’ argument under the estoppel question seems to concede that under the existing decisional law of this State, a separate trial for punitive damages cannot be had in absence of the laying of a predicate therefor shown by an award or judgment for compensatory damages. This impression is gleaned from the statement found in appellants’ brief as follows:
“Underlying all facets of this case, is the need for a more modern, realistic interpretation of the rule with regard to the issue of actual — punitive damages growing out of tort actions, particularly auto accident cases.”
The cases cited by appellant in support of the estoppel theory have been examined and found not applicable to the circumstances in this action.
Appellants having failed to demonstrate error by the entry of the order appealed, the same is therefore affirmed.
CARROLL, DONALD IC„ Acting C. J., concurs.
RAWLS, J., dissents.