DREW, Justice.
The decision controverted by the petition for certiorari in this case[1] is one that passes upon a question certified by the district court of appeal to be of great public interest.[2] The court affirmed an order dismissing with prejudice an action for damages for negligence, because of the view that the parties’ compromise and settlement of compensatory damages “automatically terminated any right to proceed further for punitive damages arising out of the same cause of action.”
The majority opinion of the appellate court very adequately states the relevant facts and law.[3] We believe, however, that the dissent should be adopted as the correct application of the controlling principles to conclude that the defendants are bound by their explicit agreement:
“The parties hereto and counsel recognize that there is pending an additional *434 claim by the plaintiff * * * against Defendants * * * for punitive damages arising out of the said accident and it is the intent of all parties and counsel to exclude the claims for punitive damages from the settlement. * * * ”
Our cases recognizing the rule that punitive damages are dependent upon compensatory, as well as decisions that a punitive award may not be sustained when the jury fails to find for plaintiff on the issue of compensatory damage, are in our opinion wholly consistent with trial of the issues remaining in the present suit. We find no definitive authority for the proposition that compensatory damages must be assessed by formal award or adjudication as a condition to prosecution of the cause of action under these circumstances.
The decision is therefore quashed and the cause remanded for disposition in accordance with the reasoning expressed in the dissenting opinion below.
CALDWELL, C. J., and THORNAL, ERVIN and HOPPING, JJ., concur.

. Dist.Ct.App. 1st Dist.1968, 210 So.2d 733.

. See. 4(2), Art. V, Fla.Constitution, F.S.A.

. “Appellant recognizes the general rule to be as pronounced in McLain v. Pensacola Coach Corp., supra [152 Fla. 876, 13 So. 2d 221], and taken from 4 Am.Jur. 219, as follows:
“ ‘The general rule (is) that exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown. * * * ’ ” 210 So.2d 733, 736.