932 So.2d 475 (2006)
Joel SCOTT, Appellant,
v.
PROGRESSIVE EXPRESS INSURANCE COMPANY, Appellee.
No. 4D05-2644.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
Rehearing Denied July 25, 2006.
*476 Lawrence M. Kopelman of Kopelman & Blankman, P.A., Fort Lauderdale, for appellant.
Hinda Klein and Leslie Hinds St-Surin of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
HAZOURI, J.
Joel Scott appeals from a final judgment of dismissal with prejudice of his bad faith claim against Progressive Express Insurance Company. The issue presented is whether the trial court erred in dismissing Scott's claim for punitive damages pursuant to section 624.155, Florida Statutes (2002), because Scott failed to allege additional compensatory damages other than those incurred in the underlying claim for personal injury protection benefits. We hold the dismissal was erroneous and reverse.
Scott alleged in his complaint for bad faith that, under his policy with Progressive, Progressive was obligated to pay 80% of all reasonable and necessary medical expenses as provided in the Personal Injury Protection (PIP) provisions in the policy as required by section 627.736(1)(a), Florida Statutes (2002). Because Progressive failed to make payment and this violation occurred with such frequency as to indicate a general business practice constituting willful, wanton, malicious and reckless disregard for the rights of its insureds, Scott claimed entitlement to punitive damages.
On May 28, 2002, Scott was involved in an automobile accident resulting in physical injury for which he sought medical treatment. He incurred medical bills and submitted them to Progressive for payment pursuant to the terms and conditions of his policy and to the Florida No-Fault Act. See §§ 627.730-627.7405, Florida Statutes (2002). Scott contended that Progressive's payment of less than 80% of his reasonable expenses for medically-necessary care violated section 627.736(1)(a) and Progressive's obligations under the policy.
On July 29, 2003, Scott filed a civil remedy notice of Progressive's alleged violation with the Department of Insurance as required by section 624.155(3)(a), in order to perfect his right to pursue the civil remedies authorized under section 624.155. The notice, in addition to other allegations, stated that Progressive, as a general business practice and in wanton and willful disregard for the rights of its insureds, fails to pay 80% of reasonable and necessary medical expenses and continually reimburses its insureds in amounts on less favorable terms than those required by section 627.736(1)(a) and its policy of insurance. In addition, the notice claimed that this conduct violated section 626.9541(1)(i)(2).
Progressive responded to Scott's civil remedy notice by denying all of the allegations. Progressive did not pay the damages giving rise to the claims within sixty (60) days of the date that the notice was perfected. Progressive chose to litigate Scott's underlying claim for PIP benefits which he previously filed on July 30, 2003.
After many months of litigation, Progressive settled Scott's underlying claim for PIP benefits which included Scott's attorney's fees and costs. In reaching this settlement, the release specifically stated that the settlement did not apply to any subsequent bad faith claim Scott might choose to pursue.
Following the settlement of the PIP suit, Scott filed the bad faith lawsuit which is *477 the subject of this appeal. Progressive moved to dismiss Scott's complaint, asserting that because no compensatory damages were alleged, any claim for punitive damages could not be sustained. Scott acknowledged that he could not allege any additional compensatory damages other than the damages in the underlying PIP suit and the lower court granted Progressive's motion to dismiss and entered a final judgment of dismissal with prejudice.
"The standard of review of orders granting motions to dismiss is de novo." MEBA Medical & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004). "In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." Id.
Section 627.736, Florida Statutes (2002), entitled "Required personal injury protection benefits; exclusions; priority; claims," provides:
(1) REQUIRED BENEFITS.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury . . . to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits.  Eighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental and rehabilitative services. . . .
Scott alleged below that Progressive violated this section and section 626.9541(1)(i)2 which provides:
(1) UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS.  The following are defined as unfair methods of competition and unfair or deceptive acts or practices:
. . .
(i) Unfair claim settlement practices. 
. . .
2. A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy; . . .
Scott filed his bad faith/civil claim against Progressive under section 624.155, Florida Statutes, which provides in pertinent part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i), (o), or (x);
. . .
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests;
. . .
Notwithstanding the provisions of the above to the contrary, a person pursuing a remedy under this section need not prove that such act was committed or *478 performed with such frequency as to indicate a general business practice.
. . .
(2)(a) As a condition precedent to bringing an action under this section, the department and the insurer must have been given 60 days' written notice of the violation . . .
(d) No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected.
. . .
(3) Upon adverse adjudication at trial or upon appeal, the insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff.
(4) No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured; or
(c) In reckless disregard for the rights of a beneficiary under a life insurance contract.
. . .
(7) The civil remedy specified in this section does not preempt any other remedy or cause of action provided for pursuant to any other statute or pursuant to the common law of this state. Any person may obtain a judgment under either the common-law remedy of bad faith or this statutory remedy, but shall not be entitled to a judgment under both remedies. This section shall not be construed to create a common-law cause of action. The damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the insurer and may include an award or judgment in an amount that exceeds the policy limits.
Progressive argues that Scott is precluded from bringing his bad faith claim for punitive damages because he has not alleged additional compensatory damages other than those which have already been paid as a result of the settlement.
Progressive's argument that Scott is precluded from bringing a bad faith claim because his compensatory damages were paid in the settlement of the PIP lawsuit is unpersuasive and controlled by this court's decision in Howell-Demarest v. State Farm Mutual Automobile Insurance Co., 673 So.2d 526 (Fla. 4th DCA 1996). In Howell, the insured's State Farm policy provided $100,000 in medical payment coverage and $10,000 in PIP coverage. The PIP coverage paid 80% of the medical expenses and 60% of the loss of income up to its limits. After an accident, Howell-Demarest requested that State Farm pay her medical bills from her medical pay coverage, not her PIP coverage, in order to maximize her benefits for lost wages under the PIP coverage. State Farm failed to comply and Howell-Demarest sued for PIP benefits, also alleging State Farm's refusal was a general business practice which gave rise to a statutory punitive damage claim. State Farm made the same argument that Progressive makes in the instant case, i.e., that it had paid the compensatory damages after the suit was filed and therefore there could be no claim for punitive damages. Addressing this argument this court stated:
State Farm paid the compensatory damages after suit was filed and argues that there can be no claim for punitive damages in the absence of a claim for compensatory damages. That argument is unavailing where, as here, there is a *479 settlement of the compensatory damage claim, but no settlement of the punitive damage claim. Stephenson v. Collins, 216 So.2d 433 (Fla.1968).
Id. at 528 n. 1.
A settlement is the functional equivalent of a confession of judgment or a verdict in favor of the insured. See Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983). In the instant case, the parties entered into a settlement for the underlying PIP benefits and executed a release which specifically preserved any subsequent bad faith claim. If we were to accept Progressive's argument, we would render remedies under section 624.155, Florida Statutes, ineffectual because insurers could refuse to pay claims, ignore civil remedy notices, settle or even have judgments entered against them in underlying claims and then contend that insureds have no right to pursue bad faith claims if the damages are paid even if the insurer engages in egregious conduct with such frequency as to constitute a general business practice.
Progressive's settlement of its obligation to Scott is the equivalent of a verdict in favor of Scott and therefore Scott's actions for benefits have been resolved in his favor. Progressive's failure to pay benefits to Scott under his policy within sixty days of receiving the notice under section 624.155 entitles Scott to make his claim for bad faith. Scott's allegation that Progressive's acts occur with such frequency as to indicate a general business practice and that these acts were willful, wanton, malicious and in reckless disregard of the rights of Progressive's insureds is sufficient to state a cause of action for punitive damages. We therefore reverse the judgment of dismissal and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
WARNER and GROSS, JJ., concur.