ORFINGER, J.
Petitioner, Maryland Casualty Company, seeks certiorari review of the trial court’s order denying its motion to dismiss. Maryland Casualty argues that the trial court departed from the essential requirements of law by allowing Respondents, the plaintiffs below, to concurrently pursue a first party breach of insurance contract claim and a bad faith claim against Maryland Casualty. We agree and quash the order on review.
Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved. This is premised on the notion that if there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer’s unfair settlement practices. In addition, an insurer would be prejudiced by having to litigate either a bad faith claim or an unfair settlement practices claim in tandem with a coverage claim, because the evidence used to prove either bad faith or unfair settlement practices could jaundice the jury’s view on the coverage issue. OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So.2d 113, 115 (Fla. 5th DCA 2005).
Because we hold that it was improper to deny Maryland Casualty’s motion to dismiss without prejudice as to Respondents’ bad faith/unfair settlement practices claim, we quash the order under review and remand for further proceedings consistent herewith.
ORDER QUASHED; REMANDED.
THOMPSON and TORPY, JJ„ concur.