988 So.2d 654 (2008)
Abraham K. KOHL, D.C., individually and Dr. Abraham Kohl, P.A., d/b/a Kohl Chiropractic, on behalf of themselves and all other similarly situated, Appellants,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., and The State of Florida, Appellees.
No. 4D07-3399.
District Court of Appeal of Florida, Fourth District.
July 16, 2008.
*656 Ronald F. Shapiro of Sperry, Shapiro & Kashi, P.A., Plantation, for appellants.
Steven E. Siff and Justin B. Uhlemann of McDermott Will & Emery LLP, Miami, for Appellee-Blue Cross and Blue Shield of Florida, Inc., and Bill McCollum, Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for Appellee-State of Florida.
TAYLOR, J.
Once again, Dr. Abraham K. Kohl and his professional association challenge the trial court's interpretation of health insurance policy provisions as precluding a patient's assignment of benefits to non-participating providers in the Blue Cross network of physicians. Appellants' first appeal resulted in an affirmance of the trial court's entry of summary judgment in favor of Blue Cross and Blue Shield of Florida (BCBSF). See Kohl v. Blue Cross & Blue Shield of Fla., Inc., 955 So.2d 1140, 1143 (Fla. 4th DCA 2007). There, we held that the trial court correctly determined that the policy prohibited assignment of benefits to non-participating providers. In this case, however, the trial court erred in concluding that the state's BCBSF plan contained an anti-assignment clause. It further erred in dismissing the claims against BCBSF with prejudice and in dismissing the State of Florida as an improper party without allowing appellants leave to amend the complaint to name the proper state entities.
Dr. Abraham Kohl provided chiropractic services to three patients who were employees of the State of Florida and members of the State Employees PPO plan (the plan). The plan is a self-insured PPO. BCBSF is the medical third party administrator hired by the Division of State Group Insurance (DSGI) to process claims in accordance with the plan. Claims are paid from a specific fund established by the *657 State. Although BCBS is the medical third party administrator, the State, through DSGI, has full and final decision-making authority concerning eligibility, coverage, benefits, claims and interpretations of the terms of the plan. Pursuant to the terms and provisions of the plan, BCBSF provides claim payment services, customer service, provider network access, and utilization and benefit management services for all members of the plan.
Before providing treatment to the three subject patients, Dr. Kohl had each patient execute an Assignment of Benefits, which assigned to Dr. Kohl any and all claims for benefits they had as members of the plan. The patients then received care and treatment from Dr. Kohl. According to the complaint filed by Dr. Kohl, he submitted all appropriate forms to ensure payment and "otherwise performed all conditions precedent to entitle him to receive benefits for health care and treatment he rendered to the individuals named herein." Yet, despite being aware that the covered patients had executed an Assignment of Benefits for Dr. Kohl, BCBSF issued payment directly to the covered patients, who did not, in turn, forward the payments to Dr. Kohl. As a result, Dr. Kohl has not been paid in full for the services he rendered. Dr. Kohl attached the assignment forms to his amended complaint.
In his amended class action complaint, Dr. Kohl sued for declaratory relief and damages on behalf of himself and all health care providers in the State of Florida who treated individuals covered by the plan since March 15, 2001. The complaint also sought attorney's fees pursuant to sections 627.428 and 627.6698, Florida Statutes.
The plan benefit booklet attached to the complaint states:
When You Use Non-Network Providers
If you go to a non-network provider, you will be responsible for filing your own claim. You must file the claim within 16 months of the day you received services or supplies. Benefits will be paid directly to you.
The insurance plan booklet also states that DSGI is the state subdivision authorized by the Legislature to contract with private entities (such as BCBSF) to administer the plan, but that "DGSI has full and final decision-making authority concerning eligibility, coverage, benefits, claims, and interpretation of this plan's benefit documents." The booklet also describes a three-step appeals process for appealing a denied claim, including appeal to the third party administrator, appeal to DSGI, and finally an administrative hearing.
BCBSF and the State moved to dismiss the class action complaint on multiple grounds. The trial court granted their motions to dismiss with prejudice. As to the State, the trial court held that the responsible party under the plan is the Florida Department of Management Services, Division of State Group Insurance (DSGI), not the State of Florida. Moreover, in a footnote in the dismissal order, the trial court determined that the clause in the plan which stated, "Benefits will be paid directly to you," is an anti-assignment provision.
The trial court granted BCBSF's motion to dismiss with prejudice based on its determination that the State of Florida, not BCBSF, is the real party in interest because the State has all the decision-making authority and responsibility with respect to the plan. The court's written order noted that BCBSF sought dismissal on an alternative ground: failure of Dr. Kohl and his professional association to exhaust their administrative remedies as required by the plan.
*658 We review orders granting motions to dismiss de novo. Scott v. Progressive Express Ins. Co., 932 So.2d 475, 477 (Fla. 4th DCA 2006). Whether an ambiguity exists in an insurance policy is a question of law which is also reviewed de novo. Kohl, 955 So.2d at 1143.
"In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." Scott, 932 So.2d at 477 (quoting MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004)). "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001). A court may not go beyond the four corners of the complaint and exhibits attached thereto. Id.
All contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment. Kohl, 955 So.2d at 1143. Where there is no provision forbidding assignment, an insurance policy may be assigned. Id.; see also Schuster v. Blue Cross & Blue Shield of Fla., Inc., 843 So.2d 909, 911 (Fla. 4th DCA 2003). As the third district explained in Maryland Casualty Co. v. Murphy, 342 So.2d 1051, 1052 (Fla. 3d DCA 1977):
Where a policy is silent on the matter of assignment, then the silence creates an ambiguity. Generally, in contracts of insurance, ambiguities are to be construed against the insurer and in favor of the insured.
BCBSF urges us to find that the plan at issue here contained an anti-assignment clause, relying solely on the plan's statement, "Benefits will be paid directly to you." This statement falls far short of creating a contractual bar to assignment and is unlike the policy language we reviewed in Kohl, which stated:
BCBSF will not honor any assignment to an eligible Non-PPC Provider, including without limitation, any of the following assignments: an assignment of the benefits due under this Contract; an assignment of the right to receive payments under this Contract; or an assignment of a claim for damages resulting from a breach, or any alleged breach of this Contract.
Kohl, 955 So.2d at 1143. In Kohl, we held that the above policy provisions constituted an anti-assignment clause because they clearly and effectively conveyed to laymen that an assignment of benefits to their providers would not be permitted. See also Lexington Ins. Co. v. Simkins Indus., Inc., 704 So.2d 1384, 1386 (Fla.1998) ("Assignment of this policy shall not be valid except with the written consent of this Company."); Kohl, 955 So.2d at 1143; Travertine Corp. v. Lexington-Silverwood, 683 N.W.2d 267, 272 (Minn.2004) ("the rights and obligations of Berkey/Lennon shall not be assignable"). In short, the state health insurance plan at issue here does not contain a provision forbidding assignment.
The trial court's other reason for dismissing the complaint against the State of Florida was that the complaint improperly named as a defendant the State of Florida, instead of the Division of State Group Insurance (DSGI) (an arm of the State of Florida). As mentioned earlier, the Florida Legislature created DSGI as a subdivision of the state's Department of Management Services. See § 110.123(3)(a), Fla. Stat. (2007). However, as the State concedes, naming DSGI, rather than the State of Florida, as the *659 proper defendant can be accomplished by amendment. The State argues, though, that because the record does not show that Dr. Kohl ever requested leave to amend, the dismissal with prejudice should be affirmed. Dr. Kohl correctly counters that, because the trial court also dismissed the complaint on a substantive ground (anti-assignment clause) which was not curable by amendment, it would have been futile and therefore unnecessary to move to amend the complaint to specifically name and add parties in this case.
The trial court dismissed the action against BCBSF, reasoning that BCBSF was merely a third-party administrator of the plan, rather than the ultimate authority as to decisions regarding the payment of benefits. Dr. Kohl, however, maintains that BCBSF should be held accountable for its actions in knowingly paying benefits to the wrong recipient. At this pleading stage of the litigation, where not enough information has been developed about the nature of BCBSF's relationship to the State of Florida and its role in interpreting the plan, it is premature to decide that BCBSF has no liability. We therefore reverse dismissal of the complaint against BCBSF.
Finally, BCBSF and the State of Florida urge us to affirm the trial court's order of dismissal as to BCBSF on alternative "right for the wrong reason" argument. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) ("Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it."). Appellees argue that dismissal is proper because Dr. Kohl failed to exhaust his administrative remedies. Generally, where administrative remedies are available it is improper to seek relief in the circuit court before those remedies are exhausted. Florida Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 792 So.2d 539, 545 (Fla. 4th DCA 2001). As mentioned earlier, the state health insurance plan has a three-step administrative process for appealing a denied claim.
Dr. Kohl argues that benefits were not denied in this case and that there was no adverse coverage determination to appeal. The benefits were merely paid to the wrong payee. We agree.[1]
The State also asserts sovereign immunity as a "right for the wrong reason" argument, but this argument lacks merit because this suit is predicated on a contractual breach. See Pan-Am Tobacco Corp. v. Dep't. of Corrections, 471 So.2d 4, 5 (Fla.1984) (holding that contract actions are not barred by sovereign immunity); see also Kempfer v. St. Johns River Water Mgmt. Dist., 475 So.2d 920, 924 (Fla. 5th DCA 1985) (holding that declaratory judgment actions are not barred by sovereign immunity).
Finding no merit to the remaining issues raised by BCBSF and the State of Florida, we reverse the trial court's orders dismissing appellants' amended class action complaint as to both appellees and remand for further proceedings, with directions to allow *660 appellants to amend their complaint to name the proper state agency and/or subdivision as defendant(s).
Reversed and Remanded.
WARNER and POLEN, JJ., concur.
NOTES
[1] We note that the record is not clear whether BCBSF even notified Dr. Kohl of any adverse determination and information regarding an appeal, in accordance with the appeals section of the policy. This section states the following:

If your benefit claim is totally or partially denied, BCBSF or Eckerd Health Services will send you a written notice on an Explanation of Benefits (EOB) statement stating the specific reasons(s) for the denial within 30 days of receiving your claim. The notice will include a list of any additional information needed to appeal the denial to BCBSF or Eckerd Health Services.