[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14483
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-01112-TJC-TEM

HOWARD B. WALD, JR.

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
a foreign profit corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2014)

Before CARNES, Chief Judge, DUBINA and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit Court of Appeals sitting by designation.

Appellant Howard B. Wald, Jr., brought this bad faith claim against State Farm Mutual Automobile Insurance Company ("State Farm"), which insured the driver responsible for an accident injuring Wald.  The estate of the late driver, Sam Gus Felos, escaped liability beyond State Farm's policy limits despite a tort judgment against it because Wald failed to comply with the Florida probate code's statute of limitations.  *See* Fla. Stat. § 733.702(1) (barring claims against estates "unless filed in the probate proceeding on or before the later of" three months after notice by publication or thirty days after service of notice, where service is required), 733.702(4)(b) (excluding from the statute of limitations claims up to the policy limits of a casualty insurance policy).  The district court granted summary judgment because, under Florida law, a third party bad faith claim is derivative of the insured's claim, and an insured suffers no injury supporting his or another's bad faith claim when he is not exposed to liability beyond his policy limits.  *Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 902 (Fla. 2010); *Fid. & Cas. Co. of N.Y. v. Cope*, 462 So. 2d 459, 461 (Fla. 1985); *see also May v. Ill. Nat'l Ins. Co.*, 190 F.3d 1200, 1202 (11th Cir. 1999) (applying Florida law and concluding that "[i]f a deceased insured's estate is not obligated to pay the excess judgment, then no cause of action for bad faith exists").

2

After reviewing the record and reading the parties' briefs, we affirm the district court's grant of summary judgment in favor of State Farm based upon the district court's well-reasoned order filed on July 25, 2013.

AFFIRMED.[1]

---

[1] This case was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous agreement of the panel under 11th. Cir. R. 34-3(f).