**Laila Adele HELT, Plaintiff,**

v.

**LIBERTY INSURANCE CORPORATION, Defendant.**

Case No. 8:14–cv–1856–MSS–JSS

United States District Court, M.D. Florida, **Tampa Division.**

Signed 11/30/2015

Lee Delton Gunn, IV, Scott A. Arthur, Gunn Law Group, PA, Tampa, FL, for Plaintiff.

David B. Krouk, Matthew J. Lavisky, Butler Weihmuller Katz Craig LLP, Tampa, FL, for Defendant.

## *ORDER*

MARY S. SCRIVEN, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** comes before the Court upon review of Plaintiffs Supplemental Response to Order to Show Cause (Dkt. 40) and Defendant's Reply thereto. (Dkt. 41)

After denying Helt's Motion to Remand on October 22, 2014, the Court ordered her to show cause why this case should not be dismissed in light of the state court's Order Granting Petitioner's Motion for Default Final Judgment against Respondent Sandy K. Roberts in the underlying declaratory action. In that order, the state

court declared that Policy A07–251–671339–75 83 was void *ab initio* and "Liberty Mutual has no duty to defend and indemnify any party from, for, or against any claims arising under the Policy, including any claims arising out of the April 7, 2009 motor vehicle accident...." (Dkt. 30)

In her initial response to the Show Cause Order, Helt addressed her legal strategy for avoiding the preclusive impact of the state court judgment against Roberts. However, the Court concluded that Helt had not demonstrated a sufficient factual basis under Rule 11 for believing Roberts had not made statements at the inception of the Policy that rendered it void *ab initio*. The Court thus ordered Helt to file a response explaining her good faith factual basis for believing the Policy was not void *ab initio*. (Dkt. 31)

In response, Helt avers that she has obtained an unsworn statement from Roberts, in which Roberts denies that she misrepresented her husband's residency. According to Helt, Roberts states she interpreted the insurance application as asking only whether someone in her household had been in an accident in the past five years. She therefore did not believe she needed to disclose her husband's DUI, which occurred almost ten years prior to her application.

It remains for determination whether, on this factual basis, Helt can demonstrate that the Policy was not void *ab initio*. However, the state court's determination that the Policy was void *ab initio*—though binding on Roberts and Liberty—is not binding on Helt. As the Third District Court of Appeal held in *Allstate Insurance Company v. Warren*, 125 So.2d 886, 888 (Fla. 3d DCA 1961), a declaratory judgment voiding a policy of insurance "has the force and effect of a final judgment and [is] *res judicata* of the matters at issue between the parties and their privy."

However, that judgment is not binding upon a third party who acquired rights under the policy prior to the declaratory judgment action but was not joined as a party to that action. As the Warren court explained, an "insurer's liability be[comes] fixed when liability attache[s] to the insured." *Id.* at 889. Therefore, "[i]n order for [the judgment creditor's] right to have been defeated, they should have been made a party to the suit for declaratory decree." *Id.*; *see also Independent Fire Ins. Co. v. Paulekas*, 633 So.2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action.").

■ It is undisputed that Helt was not joined as a party to the declaratory judgment action. She therefore had no opportunity to participate in the proceeding in which it was determined that the Policy was void. Helt filed her action against Roberts on July 2, 2010. Liberty filed the declaratory judgment action on December 17, 2012. Consequently, Liberty knew or should have known that Helt's rights would be affected by the outcome of the declaratory judgment action. Because it chose not to join Helt, the Court concludes that in regard to her direct claim, she is not bound by the state court's determination that the Policy was void.

Ultimately, whether Helt can recover from Liberty, "depends on whether the insured's claim is within the coverage of the policy." *Morales v. Zenith Ins. Co.*, 714 F.3d 1220, 1227 (11th Cir.2013). Therefore, to prevail on Count II, Helt will have to prove (1) that Roberts did not make a misrepresentation that voided the Policy and, (2) that there was coverage for the accident under the Policy. At this stage, the Court finds that, at the very least, Helt has stated an adequate factual basis for Count II to go forward.

■ By contrast, the Court concludes that Helt's bad faith claim cannot proceed. Unlike a third-party liability claim, which is based upon the damages personally suffered by the injured party, a third-party bad faith claim is derivative of the insured's claim and exists only to the extent that the insured is exposed to liability beyond her policy limits based on the insurer's failure properly to defend the claim. *See Wald v. State Farm Mut. Auto. Ins. Co.*, 556 Fed.Appx. 933, 934 (11th Cir.2014) (noting that "under Florida law, a third party bad faith claim is derivative of the insured's claim); *Macola v. Government Employees Ins. Co.*, 953 So.2d 451, 454 n. 5 (Fla.2006) (same). Consequently, if the insured is estopped from pursuing a common law bad faith claim, so is the judgment creditor. *Macola, id.*; *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, 492 F.Supp.2d 1379, 1385–86 (S.D.Fla.2007), *aff'd* 271 Fed.Appx. 888 (11th Cir.2008) (holding an excess insurer had no bad faith claim against the primary insurers where the insured could not assert such a claim); *Fid. & Cas. Co. of N Y. v. Cope*, 462 So.2d 459, 461 (Fla.1985) (same).

■ It is well-settled that "before an action for bad faith can be brought, there must be a determination of coverage in favor of the insured." *Cabrera v. MGA Ins. Co., Inc.*, No. 2:13–cv–666–FtM–38DNF, 2014 WL 868991, *3 (M.D.Fla. Mar. 5, 2014); *see also Md. Cas. Co. v. Alicia Diagnostic, Inc.*, 961 So.2d 1091, 1092 (Fla. 5th DCA 2007) ("Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved. This is premised on the notion that if there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim."). The state court determined in the declaratory judgment action that Roberts had no coverage under the Policy. Thus, because Liberty had no duty to indemnify Roberts, it could not have acted in bad faith toward her. That ruling is *res judicata* with respect to Roberts, and, as Helt stands in Roberts' shoes in relation to the claim of bad faith, she cannot assert a bad faith claim against Liberty. Consequently, Count III of her Complaint must be dismissed.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Count III of Plaintiff's Complaint is **DISMISSED with prejudice.**

2. Plaintiff will be permitted to proceed with Count II of her Complaint.

3. No later than fourteen (14) days from the date of this Order, the Parties shall submit an amended Case Management Report, after which time, the Court will enter an amended Case Management and Scheduling Order.

**DONE** and **ORDERED** in Tampa, Florida this 30th day of November, 2015.