DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOWER RADIOLOGY CENTER,**
Appellant,

v.

**DIRECT GENERAL INSURANCE COMPANY,**
Appellee.

No. 4D21-3119

[September 21, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven P. Deluca, Judge; L.T. Case No. CONO21-1163.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

William J. McFarlane, III and Michael K. Mittelmark of McFarlane Law, McFarlane Dolan & Prince, Coral Springs, for appellee.

PER CURIAM.

Tower Radiology Center ("Tower Radiology") appeals a final order granting Direct General Insurance Company's ("the Insurer") motion to dismiss. Among other issues, Tower Radiology argues that, in evaluating the Insurer's motion to dismiss, the trial court erred by going beyond the four corners of the statement of claim and considering a declaratory judgment to which Tower Radiology was not a party. We agree, and we reverse.

Jamar Reid was involved in a car accident and obtained treatment from Tower Radiology, to which he assigned his PIP benefits under an insurance contract. The Insurer denied benefits, and Tower Radiology sued for breach of contract in a statement of claim filed on January 15, 2021.

According to the statement of claim, the Insurer "issued a policy of insurance to insured, which insured patient Jamar Reid, or in the alternative Jamar Reid was the named insured on the policy, or in the alternative Jamar Reid was a dependent resident relative of the named insured, or in the alternative Jamar Reid was entitled to PIP benefits belonging to the motor vehicle involved in the accident . . . ." Tower

Radiology further alleged that the policy was "in full force and effect" at all material times. The insurance policy was not attached to the statement of claim and was not identified by policy number in the statement of claim.

A few months later, the Insurer filed an amended motion to dismiss the statement of claim. Therein, the Insurer asserted that, before the instant lawsuit's filing, it had filed in another jurisdiction a declaratory judgment action against the named insured, Angela Carson, and since obtained from the county court in that case a consent final judgment declaring the subject insurance policy was void *ab initio* due to material misrepresentations which Carson had made in the policy application. The consent final judgment—to which Tower Radiology was not a named party—had further declared that the Insurer "has no duty to defend or indemnify any named or omnibus insured on the Insurance Contract for any claim(s) for benefits ...." The Insurer moved to dismiss Tower Radiology's suit pursuant to the consent final judgment's declaration that the subject policy was void *ab initio*. The Insurer attached a copy of the consent final judgment to the motion. The judgment was dated March 5, 2021—nearly two months after Tower Radiology had filed its statement of claim.

The trial court granted the Insurer's motion. In its written order, the trial court took judicial notice of the declaratory action and consent final judgment, and stated that pursuant to applicable case law, "there is no duty owed and no valid contract exists, therefore, no cause of action exists." The court's order further found that Tower Radiology "does not have a cause of action to recover under the Insurance Policy because it has been previously deemed void ab initio." Tower Radiology appeals from this order.

We review a determination on a motion to dismiss de novo. *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000). "A motion to dismiss tests the legal sufficiency of the complaint." *Ramos v. Mast*, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001). "In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." *Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) (quoting *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004)).

"When ruling on a motion to dismiss, '[a] court may not go beyond the four corners of the complaint and exhibits attached thereto.'" *Id.* (quoting *Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th

2

DCA 2008)). "Unless the parties have stipulated to judicial notice, a court cannot rely on judicial notice to sidestep the four corners rule." *Id.*

However, "where the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss." *One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 (Fla. 4th DCA 2015). Likewise, while affirmative defenses such as collateral estoppel and res judicata may not generally be raised by a motion to dismiss, "an exception is made when the face of the complaint is sufficient to demonstrate the existence of the defense." *Ramos*, 789 So. 2d at 1227.

In the instant case, the trial court erred by considering the consent final judgment. The consent final judgment was not attached to, referenced in, or even alluded to in the statement of claim, nor did Tower Radiology stipulate that the trial court could take judicial notice of the consent final judgment. Nor was the policy number or named insured Angela Carson included in the statement of claim, so as to demonstrate the policy referenced in the statement of claim was the same policy that was the subject of the consent final judgment. The Insurer's defense that the underlying policy was void *ab initio* simply could not be determined as a matter of law from the four corners of the statement of claim.

Moreover, we agree with Tower Radiology's argument that, because it was a non-party to the declaratory judgment action, the trial court violated section 86.091, Florida Statutes (2021), when it relied on the final consent judgment to dismiss the instant case. *See* § 86.091, Fla Stat. (2021) ("When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. *No declaration shall prejudice the rights of persons not parties to the proceedings. . . .*" (emphasis added)); *see also Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."); *Helt v. Liberty Ins. Corp.*, 153 F. Supp. 3d 1388, 1389 (M.D. Fla. 2015) (state court judgment that policy was void *ab initio* "is not binding upon a third party who acquired rights under the policy prior to the declaratory judgment action but was not joined as a party to that action").

In light of the limited allegations of the statement of claim and Tower Radiology's status as a non-party to the declaratory judgment action, the consent final judgment should not have been enforced against Tower Radiology as a matter of res judicata to grant the Insurer's motion to dismiss.

Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded.*

GROSS, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4